JOHNSON, C.J.,
dissents and assigns reasons.
hln my view, the court of appeal correctly determined that Mr. Baldwin has set forth a valid claim for breach of contract based on defendants’ failure to adhere to the notice provision in the employment contract.
The majority suggests breach of the thirty-day notice requirement is of no moment, finding that because salary and benefits were paid for the contacted term, there was no termination of the contract. I disagree. The employment contract set forth the terms under which Mr. Baldwin would perform the duties and services of head football coach. To relieve Mr. Baldwin of all duties under the employment contract cannot be characterized as anything other than termination. The majority’s conclusion that payment of salary and benefits under the contract prohibits a finding that Mr. Baldwin was terminated presumes there are no other damages attendant to loss of employment.
I would affirm the decision of the court of appeal which reversed the summary ^judgment, and remand the matter to the trial court to allow Mr. Baldwin to present evidence to support his claim for any additional damages caused by defendants’ breach of the notice provision, such as loss of future employment opportunities, or damage to his reputation.